# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADRIANA LOPEZ-ESPARZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 19-cv-01207 |
| v. ) | |
| ) | |
| DIVERSIFIED CONSULTANTS, INC., and ) | |
| COMCAST CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Adriana Lopez-Esparza, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/1 ("ICFA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transacts substantial business here.

## STANDING

3. Defendant DCI sent Plaintiff a collection letter while she was represented by an attorney, an invasion of privacy that is an express violation of federal law.

4. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Adriana Lopez-Esparza ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Comcast cable television account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA 815 ILCS 501/1(e) of the Illinois Consumer Fraud Act.

6. Defendant Diversified Consultants, Inc. ("DCI"), is a Florida corporation. It does or transacts business in Illinois, with its registered agent located at Incorp Services Inc, 901 S 2nd Street, Suite 201, Springfield, Illinois, 62704. (Exhibit A, Record from the Illinois Secretary of State).

7. DCI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts due, or asserted to be due, another.

8. Thus, DCI is a debt collector as that term is defined at § 1692 of the FDCPA.

9. DCI is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10. Comcast Corporation ("Comcast"), is a Pennsylvania corporation. Comcast is a provider of internet and cable television. Comcast conducts business throughout the state of Illinois and the United States. (Exhibit C, Record from Pennsylvania Department of State).

## FACTUAL ALLEGATIONS

11. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Comcast cable television account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. Comcast subsequently retained a series of debt collectors to pursue Plaintiff for the alleged debt.

14. In response to collection attempts by its first debt collector, Convergent Outsourcing, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on July 18, 2018, sent a letter to Convergent indicating that Plaintiff disputed the alleged debt and that all future communications regarding the alleged debt should go to her attorney. (Exhibit D, Representation Letter).

15. Convergent received Plaintiff's dispute on July 24, 2018, and updated its collection file accordingly.

16. In fact, Convergent communicated with Plaintiff's attorney.

17. Now unable to directly contact Plaintiff through Convergent, Comcast retained another collector, Defendant DCI, in an attempt to collect on the alleged debt.

18. DCI would have had access to the same collection file that Comcast's first debt collector had.

19. The collection file would have included notification of Plaintiff's attorney representation.

20.     On information and belief, DCI reviewed the collection file prior to attempting to collect the alleged debt.

21.     On or about September 4, 2018, DCI mailed a letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit E, Collection Letter).

22.     The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, identity of the original creditor, and a current balance on the alleged debt.

23.     The Letter was thus a communication as that term is defined at § 1692a(2) of the FDCPA.

24.     Plaintiff was upset because she had been informed by her attorney that she would no longer be contacted about the alleged debt since she was represented by an attorney.

25.     DCI knew or could have readily ascertained from the file that Plaintiff had an attorney with respect to the alleged debt.

26.     Plaintiff was worried that she would continue to have to deal with Defendants on her own and felt nervousness, and feelings of hopelessness that Defendant would never stop contacting her, even after she sought the assistance of an attorney

27.     15 U.S.C. § 1692c of the FDCPA provides as follows:

> **(a) Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> **. . . (2) <u>if the debt collector knows the consumer is represented by an attorney with respect to such debt</u> and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . . .**

(emphasis added).

28. DCI communicated information regarding an alleged debt directly to a consumer, in violation of 15 U.S.C. § 1692c(a)(2), when it when it knew or could have readily ascertained, that Plaintiff was represented by an attorney.

29. DCI's communication caused Plaintiff to experience negative emotions, including annoyance, aggravation, and other garden variety emotional distress.

30. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

31. The providing of cable television services, and billing for those services, are activities of trade and commerce as those terms are defined in the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq ("ICFA").

32. Thus, Comcast was at all times relevant to this Complaint, and currently is, engaged in trade and commerce in the State of Illinois by advertising, offering for sale, selling and providing cable television and internet and phone services to consumers.

33. The ICFA defines "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e).

34. Plaintiff is a "consumer" as that term is defined in the ICFA because Plaintiff contracted with a Comcast for cable service primarily for personal and household purposes.

35. On information and belief, Comcast employs a range of debt collectors so that each time a consumer asserts her rights with one, it can switch to another.

36. Plaintiff was damaged by Comcast's conduct as explained *supra*.

37. Section 2 of the ICFA prohibits unfair or deceptive practices and states, in relevant part, as follows:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

815 ILCS 505/2.

38. Comcast employed unfair methods of competition in violation of Section 2 of the ICFA by employing switching to a different debt collection company in order to subvert Plaintiff's right to the protections afforded by attorney representation under federal law.

39. The serial hiring of collection agencies after a consumer has hired an attorney can constitute an unfair practice. *Duarte v. Convergent Outsourcing, Inc.*, No. 17 C 16051, 2018 WL 3427910 at *3 (N.D. Ill. July 16, 2018) (analyzing the practice under the Illinois Consumer Fraud Act).

40. Plaintiff was damaged by Comcast's conduct as explained supra.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

42. DCI communicated information regarding an alleged debt directly to a consumer, in violation of 15 U.S.C. § 1692c(a)(2), when it when it knew or could have readily ascertained, that Plaintiff was represented by an attorney.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendant DCI as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      B.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      D.      Such other or further relief as the Court deems proper.

### COUNT II—ILLINOIS CONSUMER FRAUD ACT FOR FALSE AND DECEPTIVE BUSINESS PRACTICES—COMCAST

43. Plaintiff re-alleges above paragraphs 1-39 as set forth fully in this count.

44. Comcast employed unfair methods of competition in violation of Section 2 of the ICFA by employing switching to a different debt collection company in order to subvert Plaintiff's right to the protections afforded by attorney representation under federal law.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant Comcast as follows:

      A.      Actual damages suffered by the Plaintiff;

      B.      Punitive damages;

      C.      Plaintiff's attorney fees and costs;

      D.      Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com